# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE R. DURHAM, | |
| Petitioner, | Civil Action No. 17-662 |
| v. | Judge Cathy Bissoon |
| | Magistrate Judge Robert C. Mitchell |
| THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, *et al.*, | |
| Respondents. | |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636 and Local Rule of Civil Procedure 72.

On August 16, 2018, the Magistrate Judge issued a Report and Recommendation ("Report," Doc. 18) recommending that Petitioner George R. Durham's Second Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6) (Doc. 17) be dismissed as being without a jurisdictional basis. The Report was served on the parties, and Petitioner filed timely Objections (Doc. 19).

Petitioner objects on two grounds. First, he objects that the Report incorrectly characterizes the evidence he has put forward to demonstrate his innocence as "self-serving declarations of the Petitioner" when Petitioner rather claims that the evidence of his innocence is the testimony of several witnesses at his trial who testified to facts that would demonstrate a

complete alibi.[1]  (Objections ¶¶ 3-5.)  Second, Petitioner objects that his Rule 60(b)(6) Motion should not have been treated as a successive habeas petition because, under <u>Satterfield v. District Attorney of Philadelphia</u>, 872 F.3d 152 (3d Cir. 2017), he is claiming actual innocence and there has been a relevant change in decisional law by virtue of the Supreme Court's decision in <u>McQuiggin v. Perkins</u>, 569 U.S. 383 (2013).  (Objections ¶¶ 6-7.)

      The Court has conducted a *de novo* review of the pleadings and documents in the case, the procedural history of Petitioner's related actions, the Report, and the Objections.  The Court fully agrees with the Report's conclusion that Petitioner is, once again, attempting to relitigate the merits of claims that have been previously adjudicated; reaching the merits of these claims would require reviewing the Court of Appeals' orders denying Petitioner's applications for certificates of appealability (<u>see</u> Doc. 16 ("Reasonable jurists would not debate the District Court's denial of [Durham's] motion pursuant to Rule 60(b) . . . on the ground that it lacked jurisdiction"); Civil Action No. 11-719, Doc. 82 ("[R]easonable jurists would not debate that (a) [Durham]'s trial counsel acted reasonably in not pursuing an alibi defense, and (b) foregoing such a defense did not prejudice [Durham] in light of the weighty evidence against him.")).  As this Court lacks jurisdiction to review the Court of Appeals' decisions, and as Petitioner has again made no substantial showing that extreme and unexpected hardship would occur without Rule 60(b) relief, <u>Cox v. Horn</u>, 757 F.3d 113, 120 (3d Cir. 2014), the Court enters the following Order:

---

[1] Petitioner claims that trial counsel was ineffective for failing to "connect the dots concerning this testimony," failing to argue the correct timeline to the jury, and failing to conduct an adequate pretrial investigation.  (Objections ¶¶ 3-5.)

Petitioner's Second Rule 60(b) Motion (Doc. 17) is **DISMISSED** with prejudice as lacking a jurisdictional basis, and a certificate of appealability is **DENIED**. The Magistrate Judge's Report (Doc. 18) is adopted as the Opinion of the District Court.

IT IS SO ORDERED.


February 4, 2019                                s/Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All counsel of record


cc (via First-Class, U.S. Mail):

GEORGE R. DURHAM
HN-4394
SCI Fayette
Post Office Box 9999
LaBelle, PA 15450-0999